UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Sarah Jo Schwartz,                      Case No. 09-62605-wsd
                                                    Chapter 7
            Debtor.                           Hon. Walter Shapero

_____/

PAUL MICHAEL TURKAL,

       Plaintiff,

KIMBERLY TURKAL,

       Plaintiff,

v.                                                            Adv. Pro. No. 09-6651

SARAH JO SCHWARTZ,

       Defendant.

_____/

## OPINION DENYING PLAINTIFFS' MOTION FOR PERMISSIVE ABSTENTATION PURSUANT TO 28 U.S.C. § 1334(c)(1)

       This matter came before the Court upon Plaintiffs' Motion for Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) (the "Motion"). (Docket No. 25). Defendant filed an Objection to the Motion and a hearing was held. (Docket No. 27). At the conclusion of the hearing, the Court took the matter under advisement.

       Plaintiffs commenced this adversary proceeding with the filing of their Complaint on October 21, 2009, seeking non-dischargeability under § 523(a)(6) of a claim predicated on a libel, slander, and defamation action that Plaintiffs had filed against Defendant in Wayne County Circuit Court, Case No. 07-707276-NZ.[1] Following

---

[1] The Complaint also contained a § 523(a)(5) support claim which was subsequently dismissed by stipulation of the parties. (*See* Docket Nos. 19 and 21).

motions for summary disposition, the state court judge issued a ruling denying summary judgment but narrowing the issues and opining on certain evidentiary matters. Thereafter, the parties agreed to submit the remaining matters to binding arbitration. An arbitrator was appointed and the arbitration hearing was commenced. It was not completed however because Defendant filed her chapter 7 bankruptcy petition.

## Discussion

28 U.S.C. § 1334(c)(1) provides:

> (c) (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, the Court has the discretion to abstain and remand the matter to state court if appropriate.

Courts have considered the following non-exclusive factors in determining whether discretionary abstention is appropriate:

> (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.

*Kmart Creditor Trust v. Conaway (In re Kmart Corp.)*, 307 B.R. 586, 597 (Bankr. E.D. Mich. 2004) (citing *In re Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr.S.D. Ohio 2003)).

2

09-06651-wsd    Doc 31    Filed 05/19/10    Entered 05/19/10 16:24:52    Page 2 of 4

Considered in light of the above factors, the circumstances of this case dictate that discretionary abstention is not appropriate here. The fact that this proceeding involves a § 523(a)(6) dischargeability claim, which can only be decided by this Court, bears importantly on that conclusion and impacts a number of the above factors in a way that reinforces the conclusion that abstention would be inappropriate. Referring seriatim to them:

(2) State law issues do not predominate over bankruptcy issues. While state law is involved in the defamation claim itself, bankruptcy law will determine whether such claim, if successful, is dischargeable.

(3) There is no indication from Plaintiffs that defamation is a particularly difficult or unsettled area of Michigan law.

(7) This proceeding is substantively a core proceeding as it involves dischargeability of a claim.

(8) It is not feasible to separate the state law claims from the core bankruptcy claim because there are potentially different liability standards. For instance, under Michigan law, a private party can prevail on a defamation claim by showing negligence. *See* MCL 600.2911(7). Negligence alone would not, however, support a § 523(a)(6) proceeding.

Plaintiffs did not file their Motion requesting abstention until almost 6 months after commencing this case. In the interim, a lot of water has gone under the procedural bridge, in that: discovery has been conducted, a stipulated joint final pre-trial statement has been filed, and, indeed, there was a trial date set for May 25, 2010 (which is being adjourned). Abstention (and a state court decision in favor of Plaintiff on the claim) would not necessarily bring finality to the dischargeability issue. The state court decision could possibly, depending on its basis and the manner and clarity with which it is articulated, provide some collateral estoppel effect to the dischargeability determination.

However, even if the state court determination was ideal in its articulation of decision, further proceedings in this Court would still be necessary to determine the applicability of collateral estoppel because the § 523(a)(6) determination is within the exclusive jurisdiction of the Bankruptcy Court.

On the other hand, if the dischargeability issue is first determined in this Court, and, if the Plaintiff is successful, the matter of damages could be later determined by the state court and/or arbitrator, the interests of overall efficient judicial administration might be better served. Add to those facts that this proceeding is close to being ready for trial in this Court, and the remaining factors set forth in *In re Kmart Corp.* are either inapplicable or unknown, on balance a better case is made for the exercise of this Court's discretion to deny abstention.

For the reasons set forth above, the Court will deny the Motion. An appropriate order will be entered concurrently herewith.

.

**Signed on May 19, 2010**
                                        **\_\_\_\_ \_\_/s/ Walter Shapero\_ \_\_\_**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**